CASE 11—PETITION ORDINARY—JUNE 8.

## Campbell vs. Anderson's adm'r.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

C. placed Confederate notes or bonds in the hands of A. to purchase cotton, which A. was to sell, and, after deducting costs and commission, was to pay over to C. the residue. *Held*—That the contract was against public policy, and could not be enforced. (1 *Duv.*, 24.)

J. W. McPHERSON, for appellant, cited 7 *J. J. M.*, 411; 5 *Dana*, 394; *Story on Agency*, secs. 229, 230; 3 *Met.*, 50; *Smith's Merc. Law*, 49; 18 *B. Mon.*, 465; 2 *Ves., jr.*, 317; *Chitty on Contr.*, 519–20.

M. MAYES for appellee.

JUDGE PETERS DELIVERED THE OPINION OF THE. COURT:

Appellant alleges in his petition that in 1862 he placed in the hands of appellee's intestate $460, to be invested by him in cotton for appellant, and that said intestate agreed to make the investment, sell the cotton, and pay over the proceeds to him, after deducting a reasonable sum for his services for making the purchase and sale. That 5,750 pounds of cotton were purchased with the money furnished by him, which said intestate afterwards sold for 57 cents per pound, amounting in the aggregate to $3,148 74, with the interest included, after deducting $337 50 for services and commission for selling, for which he asked judgment.

After denying the allegations of the petition, appellee states in his answer, that, from a memorandum in the handwriting of his intestate, it appears that appellant placed in his hands $460 in Confederate bonds to exchange for Tennessee money.

It is conclusively established by the evidence that the money furnished by the appellant to the intestate, to be invested by him, was Confederate bonds or notes, and, waiving the consideration of minor points urged in argument, we proceed at once to dispose of the question which must be decisive of the controversy. Will the law afford a remedy to either party for a breach of the contract?

In O. & B. J. Laughlin vs. Dean (1 *Duv.*, 24), this court said: "The holder of Confederate notes has a pecuniary interest in the success of the rebellion. The purchaser of them takes a temptation to aid the Confederate government, for the destruction of which this *State*, as part of the *Union*, is engaged in war. The policy of the *State* forbids its courts from aiding either of the parties to such a contract. The defendants, therefore, cannot recover the money they paid, and the plaintiff cannot recover the money which the defendants agreed to pay."

If, in this case, the intestate had promised to pay a particular or certain amount for the Confederate bonds or notes placed in his hands by appellant, and the courts of the State would not aid him to enforce the payment thereof, we do not see upon what principle they can aid him to collect the value of the article purchased by intestate with such bonds or notes. There is no substantial difference in the two cases. And as the instruction of the circuit judge to the jury conforms to this view, the judgment is *affirmed*.